IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY AARON SPURLOCK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11cv918-MEF |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

On October 20, 2011, federal inmate Jeffrey Aaron Spurlock ("Spurlock") filed this *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (*Doc. No. 1.*) Spurlock challenges the 78-month sentence imposed by this court in October 2009 after he pled guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends (1) that his sentence for a prior federal supervised-release violation and his sentence in the instant case should run concurrently, and (2) that "new law" entitles him to a downward departure on his sentence based on post-sentencing rehabilitation. (*See Doc. No. 1 at 2-6.*)[1]

The Government maintains that Spurlock's § 2255 motion is barred from review because it was filed after expiration of the one-year federal limitation period. *See* § 105 of

---

[1] Page references are to those assigned by CM/ECF. References to exhibits are to those filed by the Government with its answer.

the Antiterrorism and Effective Death Penalty Act ("AEDPA").[2] (*Doc. No. 8.*) Spurlock was afforded an opportunity to respond to the Government's submission and has done so. (*Doc. No. 10.*) Upon review of the pleadings, the evidentiary materials, and the applicable law, this court concludes that Spurlock's § 2255 motion should be denied and this case dismissed because the motion was not filed within the time allowed by federal law.

## II.  DISCUSSION

The timeliness of Spurlock's § 2255 motion is governed by 28 U.S.C. § 2255(f). That section provides the following:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

28 U.S.C. § 2255(f).

The record reflects that Spurlock was convicted of being a felon in possession of a firearm pursuant to a guilty plea entered on January 26, 2009. He was sentenced to 78 months in prison for that offense on October 28, 2009. Judgment was entered by the district court on October 30, 2009. Spurlock did not file a direct appeal. By operation of law, then, his conviction became final on November 9, 2009, upon expiration of the time for him to file a direct appeal (10 days after entry of judgment by the district court).[3] Spurlock then had one year, specifically until November 9, 2010, to file § 2255 motion that was timely under § 2255(f)(1). However, Spurlock did not file his § 2255 motion until October 20, 2011.[4] Therefore, his § 2255 motion was untimely under § 2255(f)(1).

With regard to his first claim – that his sentence for a prior federal supervised-release violation[5] and his sentence in the instant case should run concurrently – Spurlock maintains

---

[3] When the district court's judgment was entered in Spurlock's case, Fed.R.App.P. 4(b)(1) provided that a defendant's notice of appeal in a criminal case must be filed within 10 days after entry of the district court's judgment. *See, e.g., Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final 10 days after the district court's judgment is entered); *Sanchez-Castellano v. United States*, 358 F.3d 424, 427-28 (6th Cir. 2004) (a federal criminal judgment that is not appealed becomes final for the purpose of § 2255 ten days after it is entered, when the time for filing a direct appeal expires). Effective December 1, 2009, Rule 4(b)(1) provides that a defendant's notice of appeal must be filed within *14* days after entry of the district court's judgment.

[4] Spurlock apparently signed his § 2255 motion on October 20, 2011. Applying the "mailbox rule," and no evidence to the contrary, this court deems his motion as filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[5] Throughout his pleadings, Spurlock refers to the sentence he received for a prior federal
(continued...)

3

that this claim is controlled by, and is timely under, § 2255(f)(4) because, he says, the facts supporting the claim could not have been discovered earlier through the exercise of due diligence. *See* 28 U.S.C. § 2255(f)(4). Spurlock alleges that there was an oral agreement between the parties to run his prior supervised-release-violation sentence and his instant sentence concurrently and that he has been misled about the nature of his sentences since 2009. (*Doc. No. 1 at 2-5.*) He appears to maintain that he first discovered that the Federal Bureau of Prisons was not crediting the sentence for his prior supervised-release violation against his sentence in the instant case less than a year before filing his § 2255 motion and that due diligence on his part would not have revealed this information earlier. (*Id.*)

In determining whether a motion is timely under § 2255(f)(4), the relevant inquiry focuses on whether the petitioner exercised due diligence in discovering the facts underlying his claim. *Aron v. United States*, 291 F.3d 708, 711 (11th Cir. 2002). If the petitioner exercised due diligence, the limitation period would not begin to run before the date on which he discovered the facts supporting his claim. *Id*. However, if prompt action would have revealed the factual basis for a claim, a court should not apply § 2255(f)(4). *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (refusing to apply § 2255(f)(4) where "there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255

---

[5](...continued)
"probation violation." However, this actually appears to be a reference to a 24-month sentence he received for violating his prior federal supervised release in a separate case, Case No. 3:03cr278-MHT.

petition.").

Here, there is nothing in Spurlock's change-of-plea transcript, the sentencing transcript in his case, or the district court's judgment order suggesting that the sentence for his prior supervised-release violation would run concurrently with, or be credited against, his 78-month sentence for possessing a firearm as a convicted felon. (*See Exs. B, C, and D*.) Thus, Spurlock should have been on notice at the time of sentencing on October 28, 2009, and no later than the district court's entry of judgment on October 30, 2009, that the sentence for his supervised-release violation was not running concurrently with, or being credited against, his sentence in the instant case. Moreover, as the Government has pointed out (*see Doc. No. 8 at 5-6*), it is clear from copies of post-sentencing correspondence between Spurlock and the district court that Spurlock was aware no later than May 12, 2010, that the sentence for his supervised-release violation was not concurrent with his new sentence and that time he served for his supervised-release violation would not be credited against his sentence in this case. (*See Exs. E, F, and G*.) Spurlock's § 2255 motion was filed well over a year after May 12, 2010. And in any event, as indicated above, Spurlock fails to establish that the facts supporting his claim could not have been known with the exercise of reasonable diligence when the district court's judgment was entered on October 30, 2009. Therefore, § 2255(f)(4) does not apply to this claim, and this claim is untimely.

Spurlock also argues that his second claim – that new law entitles him to a downward departure based on post-sentencing rehabilitation– is timely under § 2255(f)(4). *Doc. No.*

*1 at 5-6.)  The "new law" Spurlock relies on is the United States Supreme Court's opinion in *Pepper v. United States*, ___ U.S. ___, 131 S.Ct. 1229 (2011), which was decided on March 2, 2011, less than a year before he filed his § 2255 motion.  In *Pepper*, the Supreme Court held that when a defendant's sentence has been vacated on appeal, a district court at resentencing may consider and impose a below-guidelines-range sentence based on evidence of the defendant's post-sentencing rehabilitation.  *Id*. at 1241.  *Pepper* does not apply here, however, because Spurlock did not appeal his sentence and his sentence has never been set aside.  *See, e.g., United States v. Edwards*, No. 12-14141, ___ Fed.App'x ___, 2013 WL 6052839, *2 (11th Cir. Nov 18, 2013).  Nothing in *Pepper* would afford a petitioner such as Spurlock an independent right to request resentencing for the purpose of considering post-sentencing rehabilitation.  Moreover, a court decision in a case not involving the petitioner does not constitute a "fact" triggering § 2255(f)(4).  *See, e.g., Madaio v. United States*, 397 Fed. App'x 568, 569-70 (11th Cir. 2010); *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006); *United States v. Moore*, Nos. 2:05cr188; 2:12cv281, 2012 WL 3061980 at *1-2 (N.D.Ind. Jul. 26, 2012).  Consequently, the limitation period in Spurlock's case is not governed by § 2255(f)(4).

  Nor is Spurlock's *Pepper*-based claim governed by § 2255(f)(3), which allows a § 2255 petitioner to seek relief based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, if such relief is sought within one year after the Supreme Court decision recognizing that right.  *See* 28 U.S.C. § 2255(f)(3).

First, *Pepper* includes no statement from the Supreme Court that the decision applies retroactively to cases on collateral review, and no Eleventh Circuit decision addresses *Pepper*'s retroactively. More pertinently, however, the right recognized in *Pepper* is, as noted above, wholly inapplicable to Spurlock's case, as Spurlock's sentence has never been set aside. Thus, § 2255(f)(3) does not apply here.[6]

The one-year limitation period for filing a § 2255 motion may be equitably tolled on grounds apart from those specified in § 2255(f) "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (1999). Spurlock, however, has not asserted any basis – credible or otherwise – for equitable tolling of the limitation period in his case. Under the circumstances outlined herein, § 2255(f)(1) provides the limitation period applicable to Spurlock's § 2255 motion. That limitation period expired on November 9, 2010, approximately eleven months before Spurlock filed his § 2255 motion. Spurlock's § 2255 motion is time-barred.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion be denied and that this case be dismissed with prejudice because the § 2255 motion was filed after expiration of the applicable limitation period.

---

[6] Spurlock does not seek safe harbor in the remaining statutory tolling provision of § 2255(f), i.e., §2255(f)(2). Specifically, he alleges no government impediment to filing an earlier § 2255 motion. *See* 28 § 2255(f)(2).

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before March 5, 2014**,  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  2Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 18th day of February, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE